**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN THE MATTER OF CSS ATLANTA, INC. AS OWNER AND OPERATOR OF THE M/V CSS ATLANTA, OFFICIAL NO. 647194, AND CARLINE MANAGEMENT COMPANY, INC. PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY** | **CIVIL ACTION NO.** |

**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

The Complaint of CSS ATLANTA, INC. (hereinafter "CSSA") and Carline Management Company, Inc. ("CMC") (collectively referred to as "Complainants") in a cause of exoneration from or limitation of liability, civil and maritime, within the meaning of Rule 9(h) and Supplemental Rule F of the Federal Rules of Civil Procedure, with respect, represents:

I.

At all times pertinent hereto, CSSA was and now is a corporation duly organized and existing under and by virtue of the laws of the State of Louisiana, and the owner and operator of the M/V CSS ATLANTA, Official No. 647194.

II.

At all times pertinent hereto, CMC was and now is a corporation duly organized and existing under and by virtue of the laws of the State of Louisiana.

III.

At all times pertinent hereto, the M/V CSS ATLANTA was a vessel of the United States, and at all material times was tight, staunch, strong, fully and properly manned, equipped and supplied, and was in all respects seaworthy and fit for the service in which she was engaged.

IV.

At all pertinent times hereto, CMC manned, supplied, and navigated the M/V CSS ATLANTA and employed her crew, including Joseph Sherrill.

V.

On or about November 10, 2020, Joseph Sherrill was serving aboard the M/V CSS ATLANTA as a deckhand, when he fell overboard while walking on or aboard Barge CY-11.

VI.

Sherrill was rescued by the crew of the M/V CSS ATLANTA, however, he succumbed to his injuries shortly thereafter.

VII.

At the time of the filing of this Complaint, the M/V CSS ATLANTA has not been attached or arrested and, to their knowledge, Complainants herein have not been sued with respect to any claim that may be asserted on behalf of Joseph Sherrill.

VIII.

Furthermore, at the time of filing this Complaint, the M/V CSS ATLANTA is presently within the jurisdiction of this Honorable Court and the aforesaid accident occurred within the jurisdiction of this Honorable Court. Thus, venue is proper in this

judicial district pursuant to Rule F(9) of the Supplemental Rules for Admiralty or Maritime Claims.

IX.

The aforesaid accident and resulting injuries, losses and/or damages of Joseph Sherrill or any individuals entitled to make claims arising out of his death were neither caused nor contributed to by any fault or neglect on the part of Complainants, nor anyone for whose acts on behalf of or may be responsible for Complainants, or by the M/V CSS ATLANTA, which was in good condition and in all respects seaworthy and suitable for the service in which she was engaged; but on the contrary, was caused solely by the fault and/or neglect of Joseph Sherrill or other persons and/or by conditions for whom or for which Complainants cannot be held responsible.

X.

Complainants have valid defenses to all such claims of Joseph Sherrill or any other person or party who may have any right or cause of action stemming from the incident described above; and Complainants desire to contest their liability for any such claims, and further aver that they are entitled to a decree exonerating them from liability.

XI.

Complainants further show that the aforesaid injuries and any other losses or damages were done, occasioned and incurred without fault on the part of Complainants and without their privity or knowledge. However, should this Honorable Court adjudge that Complainants are liable to any extent in the premises, then Complainants claim the benefit of the Limitation of Liability Act, set forth in 46 U.S.C. §30511, and all statutes amendatory thereof and supplementary thereto.

XII.

At the beginning of the subject voyage of the M/V CSS ATLANTA, Complainants exercised due diligence to make the vessel in all respects seaworthy and well and sufficiently equipped and supplied.

XIII.

The following persons and/or entities, on information and belief, may assert claims against Complainants, as a result of the foregoing incident:

1. Joseph Sherrill (Decedent)

2. Aurora Prokop

3. Elizabeth Prokop

XIV.

Although Complainants deny any liability herein, Complainants aver that the amount of the damages and/or claims hereinabove described and all other possible claims against Complainants and the M/V CSS ATLANTA may exceed the amount or value of their interest in the M/V CSS ATLANTA and her pending freight, having a combined value of ONE MILLION, EIGHT HUNDRED THOUSAND AND NO/100 ($1,800,000.00) at the time of the casualty.

XVI.

Complainants aver, in accordance with the annexed affidavit of an independent, qualified marine surveyor, that the M/V CSS ATLANTA had a fair market value of ONE MILLION EIGHT HUNDRED THOUSAND AND NO/100 ($1,800,000.00) DOLLARS on the day of the aforementioned occurrence.

XVII.

Under the circumstances of this case the value of the freight pending at the time of the incident in suit, within the meaning of the applicable statutes, was zero.

XVIII.

Complainants offer and file contemporaneously herewith Letters of Undertaking as security for the full sum but not to exceed Complainants' interest in the M/V CSS ATLANTA at the time of the incident herein; and in addition thereto, Complainants are prepared to give bond or stipulation for any amount in excess of the Letters of Undertaking as may be ascertained and determined to be necessary under any orders of this Honorable Court.

XIX.

Complainants aver that there are no unsatisfied liens or claims of liens, in contract or in tort, arising on the voyage referred to above, so far as known to Complainants, and except as herein set forth.

XX.

CSSA, as owner and operator of the M/V CSS ATLANTA, and CMC, as employer of her crew, claim exoneration and exemption from liability for any and all claims for damages or losses occasioned or incurred, or alleged to have been occasioned or incurred, by reason of the aforesaid occurrence. Complainants further aver that they have valid defenses separately and/or collectively on the merits to any and all such claims.

XXI.

Complainants specifically claim the benefits of the Limitation of Liability Act, as set forth in 46 U.S.C. §30511, and all statutes amendatory thereof and supplementary thereto.

XXII.

Complainants further specifically aver that this Complaint, and the claim for exoneration from or limitation of liability asserted herein, is filed not only on its behalf, but also on behalf of their primary and excess liability and protection and indemnity underwriters, who shall be entitled to exoneration from or limitation of liability to the same extent as Complainants, and whose liability in the premises, if any, shall accordingly not exceed Complainants' liability, if any.

XXIII.

All and singular, the premises of this Complaint are true and correct and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court, and within the meaning and intent of Rule 9(h) of the Federal Rules of Civil Procedure.

XXIV.

The incident at issue occurred on November 10, 2020 and, therefore, this Complaint for Exoneration from or Limitation of Liability is timely filed within the six-month prescribed period of time.

WHEREFORE, Complainants pray:

A. That this Honorable Court enter an Order approving as to quantum and form the Letters of Undertaking filed herewith as security in the amount of $1,800,000.00, pending any appraisement as may be ordered by the Court

      of the amount of Complainants' interest in said vessel and her pending freight;

B.   That this Court issue an injunction enjoining and restraining the commencement or prosecution of any and all actions, suits or legal proceedings of any kind against Complainants and their insurers and underwriters, or against the M/V CSS ATLANTA or any other property owned by Complainants, other than in these proceedings;

C.   That the Court cause a Notice to be issued to all persons, firms and corporations having or alleging to have claims by reasons of the matters and happenings recited in the above and foregoing Complaint, admonishing them to appear and file their claims with the Clerk of this Honorable Court, on or before a date to be fixed by the Court and as specified in the Notice, or be forever barred and permanently enjoined from making and filing any such claims, and also to answer, all and singular, the premises of this Complaint;

D.   That the Court adjudge that Complainants, and their insurers and underwriters, and/or the M/V CSS ATLANTA are not liable for any damages, demands or claims whatsoever in consequence of, or arising out of, or otherwise connected with the matters and happenings recited in the above and foregoing Complaint;

E.   That, in the alternative, if this Court should adjudge that Complainants or their insurers or underwriters are liable to any extent in the premises, the Court then adjudge that the liability of Complainants and their insurers or

underwriters shall be limited to the amount of their interests in the M/V CSS ATLANTA and her pending freight, if any, immediately following the incident aforesaid; and in that event, the amount representing the value of Complainants' interest in the M/V CSS ATLANTA be given to the claimants having made due proof of their respective claims; and that a decree be entered discharging Complainants, and their insurers or underwriters of and from any and all further liability, and forever enjoining and restraining the filing and prosecution of any claims or suits against Complainants, their insurers or underwriters, in consequence of or arising out of or connected with the matters and happenings recited in the above and foregoing Complaint; and

F. That Complainants may have such other and further relief in the premises as may be just and proper.

Respectfully submitted,

MOULEDOUX, BLAND, LEGRAND & BRACKETT

*s/Georges M. Legrand*
GEORGES M. LEGRAND (#8282)
MICHAEL T. NEUNER (#36605)
701 Poydras Street, Suite 600
New Orleans, LA 70139
Telephone: (504) 595-3000
Facsimile: (504) 522-2121
E-mail:   glegrand@mblb.com
         mneuner@mblb.com
*Counsel for Complainants, CSS ATLANTA, INC.* and Carline Management Company, Inc.
1Complaint for Limitation